UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY ALLEN GIBBS,

    Movant,

                                                                    File No. 1:09-CV-402

v.

                                                                    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
                                   /

**MEMORANDUM OPINION AND ORDER SUMMARILY
DISMISSING § 2255 MOTION WITHOUT PREJUDICE**

This matter comes before the Court on Movant Timothy Allen Gibbs's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that if it plainly appears from the face of the § 2255 motion, exhibits, and the record of prior proceedings that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the motion. Upon initial consideration of this motion, it plainly appears that Movant is not entitled to relief at this time.

On March 24, 2006, a jury found Movant guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*United States v. Gibbs*, File No. 1:06-CR-03 (W.D. Mich.), Dkt. No. 41, Verdict Form.) On June 27, 2006, Movant was sentenced to 108 months of imprisonment, to be served consecutively to any pending state court sentence.

(1:06-CR-03, Dkt. No. 47, J.) Movant appealed his conviction and sentence. (File No. 1:06-CR-03, Dkt. No. 48, Notice of Appeal.) On May 15, 2007, Movant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Gibbs v. United States*, File No. 1:07-CV-451. The motion was dismissed without prejudice due to Movant's pending appeal. (*Id.* at Dkt. No. 4, 05/15/2007 Order.) On October 29, 2007, the Sixth Circuit Court of Appeals affirmed Movant's conviction, vacated his sentence, and remanded for resentencing. *United States v. Gibbs*, 506 F.3d 479 (6th Cir. 2007). On May 4, 2009, Movant filed the current motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (File No. 1:09-CV-402, Dkt. No. 1.) On July 30, 2009, Movant was resentenced to 108 months of imprisonment. (File No. 1:06-CR-03, Dkt. No. 78, Am. J.) Movant appealed the amended judgment on August 10, 2009. His direct appeal of his amended sentence is still pending. *United States v. Gibbs*, Case No. 09-2031 (6th Cir.).

"[I]n the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998); *see also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 5, Adv. Comm. Notes (advising that while "there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of direct appeal[,] . . . the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances") (quoting *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968)).

2

Whether extraordinary circumstances exist "depends upon the balancing of the need for speedy relief against the need for conservation of judicial resources." *United States v. Davis*, 604 F.2d 474, 485 (7th Cir. 1979). There are no extraordinary circumstances in this case that would outweigh the need to conserve judicial resources because Movant's conviction has already been affirmed.

Moreover, the Court finds that the interests of justice are best served by declining to consider Movant's § 2255 petition at this time because a ruling on this petition would jeopardize Movant's ability to file a later collateral attack of his amended sentence. There are statutory limitations on the filing of a second or successive § 2255 motion regarding the legality of the same detention. *See* 28 U.S.C. § 2244(a); 28 U.S.C. § 2255(h). In *Burton v. Stewart*, 549 U.S. 147 (2007), the Supreme Court held that a petitioner's second § 2254 habeas petition challenging his sentencing and re-sentencing was an impermissible second or successive petition when the district court and court of appeals had already denied the petitioner's earlier habeas petition challenging his state conviction. *Id.* at 156. The Supreme Court explained that a case on remand for resentencing was not final for purposes of habeas proceedings arising from state court convictions until the resentencing and the direct appeal thereof were complete. *Id.* at 156-57.

The *Burton* rule applies with equal force to federal convictions and § 2255 proceedings. *See*, *e.g.*, *United States v. Messervey*, 269 F. App'x 379, 381 (5th Cir. 2008) (addressing a motion under § 2255 and concluding that "[i]n light of *Burton*, we hold that in

3

cases in which a defendant's conviction is affirmed on appeal but the case is remanded for re-sentencing, the defendant's conviction becomes final for limitations purposes under the AEDPA when [ ] both the conviction and sentence become final by the conclusion of direct review or the expiration of time for seeking such review."); *United States v. Carbajal-Moreno*, 332 F. App'x 472, 475 (10th Cir. 2009) (same); *see also United States v. LaFromboise*, 427 F.3d 680, 684 (9th Cir. 2005) (holding that a judgment of conviction is not final for § 2255 purposes until both the conviction and sentence are final); *United States v. Dodson*, 291 F.3d 268, 272 (4th Cir. 2002) (holding that a judgment of conviction is not final for § 2255 purposes until both the conviction and sentence are final).

Because Movant's direct appeal of his amended sentence is still pending, his conviction has not yet become final, and his § 2255 petition is premature. Accordingly,

**IT IS HEREBY ORDERED** that Movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, is **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts.

Dated: <u>April 26, 2010</u>                                         /s/ Robert Holmes Bell
                                                                                               ROBERT HOLMES BELL
                                                                                               UNITED STATES DISTRICT JUDGE